UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALCOLM P. COOK,

                Plaintiff,                   Civil Action No. 14-12314
                                           Honorable Nancy G. Edmunds
v.                                        Magistrate Judge David R. Grand

MDOC – MUSKEGON
CORRECTIONAL FACILITY,

                Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO FED. R. CIV. P. 41(b) [1]**

## I.    PROCEDURAL HISTORY

Plaintiff Malcolm Cook commenced this *pro se* action against defendant Michigan Department of Corrections for employment discrimination on June 12, 2014. [1].  Upon receipt of Cook's handwritten complaint, defendant moved for a more definite statement [12] on the ground that its allegations were "incoherent and virtually illegible." [*Id.* at 2].  The Court granted the motion by order dated August 27, 2014 [15], and directed Cook to file either a more definite statement or an amended complaint no later than September 26, 2014. [*Id.* at 2].  A day before the deadline, Cook filed a document entitled "Defined Statement Amended Complaint." [16].  Therein, Cook asserted that defendant's counsel contacted him via phone and informed him that they were unable to read his handwriting.  To this end, Cook requested that defendant's counsel identify which documents should be resubmitted in a legible format. [*Id.* at 2].

To clarify what was expected of Cook, the Court issued an order, dated October 29, 2014 [18], requiring him:

> to submit a type-written or legible hand-written statement, or amended

> complaint, that complies with the pleading requirements of Fed. R. Civ. P.
> 8, includes the factual allegations and specific claims he is making against
> MDOC, and attaches (if available) a copy of the EEOC charge he
> allegedly filed (which he references in his original hand-written
> complaint).

[18 at 2].  The Court also directed Cook to file the aforesaid materials no later than November

26, 2014 and warned him that failure to comply with the order could result in the dismissal of the

action. [*Id.*].  Cook then responded to the Court's order on November 25, 2014 by filing a

document entitled "Order Granting Defendant's Motion for a More Definite Statement." [19].

Again, Cook requested that the "AG office mail me the documents that cannot be interpreted or

deciphered.  I will resubmit typewritten." [*Id.*].  He did not comply with any of the directives

specified in the Court's October 29, 2014 order.

In light of Cook's *pro se* status, the Court then issued yet another order, dated December

2, 2014, and entitled "Final Order Regarding Order for More Definite Statement [12]", directing

Cook to "strictly comply" with the terms of the Court's October 29, 2014 order by no later than

December 23, 2014. [20].  The Court made clear that Cook was to comply **with the Court's**

**orders**, not look to defendant for instruction:

> To dispel any further confusion, plaintiff is advised that his obligation at
> this time is to comply with the Court's orders.  Accordingly,
>
> **IT IS ORDERED** that plaintiff shall **strictly** comply with the Court's
> October 29, 2014 order [18] by **submitting a type-written or legible**
> **hand-written statement, or amended complaint, that complies with**
> **the pleading requirements of Fed. R. Civ. P. 8, includes the factual**
> **allegations and specific claims he is making against defendant, and**
> **attaches (if available) a copy of the EEOC charge he allegedly filed**
> **(which he references in his original hand-written complaint)**. Plaintiff
> shall file these materials with the Court **on or before Tuesday, December**
> **23, 2014**.

[20 at 2] (emphasis in original).

The Court further advised Cook that his failure to comply with the order would result in a

2

recommendation to dismiss the case.  Unfortunately, rather than submitting "a type-written or legible hand-written statement, or amended complaint, that complies with the pleading requirements of Fed. R. Civ. P. 8 …" as he had been ordered by the Court to do, Cook submitted another handwritten statement which merely asserted that the "AG office was to mail me the documents that they could not read, interpret or decipher."  [21].

## II.    ANALYSIS

In view of Cook's repeated noncompliance with the Court's orders, his complaint should be dismissed pursuant to Fed. R. Civ. P. 41(b).  This rule governing involuntary dismissals provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  It is clear that, despite the somewhat permissive language of Rule 41(b), which contemplates a motion by a defendant, a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).  As the *Link* court explained, "[n]either the permissive language of [Rule 41(b)] — which merely authorizes a motion by the defendant — nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Id.* at 630.  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.  In other words, "a district court can dismiss an action for noncompliance

3

with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999) (citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991)).

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). All of these factors favor dismissal here. With respect to the first and third factors, the Court afforded Cook three opportunities to adhere to its directives and, in the most recent order, explicitly advised Cook that noncompliance would result in a recommendation to dismiss the case altogether. Cook's continued disregard for the Court's orders weighs in favor of dismissal with respect to the first and third factors. Regarding the second factor, defendant is prejudiced because it is unable to meaningfully respond to Cook's nearly indecipherable allegations, and because his conduct has undermined its right to a fair and timely resolution of this matter. Finally, given Cook's repeated failure to comply with the Court's simple instructions, the undersigned sees no utility in considering or imposing a lesser sanction. Thus, all of the factors weigh in favor of dismissal for failure to prosecute.

While it is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant," *White v. Bouchard*, 2008 U.S. Dist. LEXIS 112008, at *14 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532,

535 (2d Cir. 1996)), dismissal is warranted where a *pro se* litigant repeatedly fails to comply with court orders regarding "the form and content a pleading must contain."  *Langford v. Wolfenbarger*, No. 11-10219, 2012 U.S. Dist. LEXIS 6510, at *8 (E.D. Mich. Jan. 20, 2012); *see also Shaw-El v. Serra Brothers, Inc.*, No. 06-14259, 2008 U.S. Dist. LEXIS 113924, at *21 (E.D. Mich. Aug. 7, 2008) (recommending Rule 41(b) dismissal where plaintiff "has not exhibited a willingness to comply with the court's instructions and to provide the court with the documents requested to allow his case to proceed.").  Here, Cook repeatedly disregarded the Court's clear instructions to file a more definite statement, or in the alternative, an amended complaint, and he neither submitted a copy of the charge he allegedly filed with the EEOC nor explained why he could not produce the document.  Under these circumstances, dismissal is appropriate.  *See* Fed. R. Civ. P. 41(b).

## III.   RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Cook's complaint [1] be DISMISSED WITH PREJUDICE.

Dated: January 26, 2015                           s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*,

638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

Dated:  January 26, 2015